UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

ELIZABETH CAWRAY,

                          Plaintiff,

- against -

PERSONAL-TOUCH HOME CARE OF N.Y. INC.,

                          Defendant.

----------------------------------------------------------------------X

Case No.  21-cv-5083

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

ELIZABETH CAWRAY ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against PERSONAL-TOUCH HOME CARE OF N.Y. INC. ("Defendant") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. This is a civil action based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); (iii) the **New York City Human Rights Law**, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff seeks redress for the injuries she has suffered as a result of **discrimination** based on her sex/gender.

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq.*

4. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28

U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

6. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated July 20, 2021, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

8. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

9. Prior to the commencement of this action, Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York on September 13, 2021, in accordance with N.Y.C. Admin. Code §8-502(c).

## PARTIES

10. At all relevant times herein, Plaintiff is a female and a resident of the State of New York, County of Richmond. She was and is a "person" and an "employee" entitled to protection as defined by Title VII, the NYSHRL, and the NYCHRL.

11. At all relevant times herein, Defendant was and is a New York corporation.

12. At all relevant times herein, Defendant "employs" fifteen and thus one or more "employees," and is therefore an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

## MATERIAL FACTS

13. Defendant is a national home health care agency operating throughout New York State, providing its clients with home health aides and companions, nursing, medical social work, and physical, occupational and speech therapy.

14. In or about May 2012, Plaintiff began working as a home health aide for Defendant out of its office located at 150 Bay St, Staten Island, New York 10301.

15. As a home health aide, Plaintiff earns $15.00 per hour.

16. Throughout Plaintiff's employment with Defendant, Plaintiff has met or exceeded reasonable performance expectations.

17. In 2019, Defendant assigned Plaintiff to work in the home of Mr. Whatsion ("Whatsion").

18. On approximately three occasions, Whatsion, upon emerging from the shower, would ask Plaintiff to pick up his clothes off the floor. When she bent down to pick up the clothes, he would rub his penis against her buttocks.

19. On another occasion, Whatsion put his hands down the back of Plaintiff's scrub pants and groped her buttocks.

20. Plaintiff reported Whatsion's behavior to Defendant in or about October or November 2019.

21. Even after she had reported the sexual harassment to Defendant, Defendant's management asked Plaintiff to return to Whatsion's home. Plaintiff refused.

22. On or about December 24, 2019, Defendant terminated Plaintiff's employment. The reason given for her termination was that she allegedly failed to file a report about an incident that had occurred at a client's home. In fact, Plaintiff had timely filed the report.

23. Upon information and belief, Plaintiff was terminated because she had reported the sexual

harassment of Whatsion.

24. In or about February 2020, Defendant reinstated Plaintiff's employment, having received the supposedly missing report.

25. In or about June 2020, Plaintiff was assigned to the home of a client named George Boot ("Boot").

26. On November 16, 2020, while Plaintiff was in Boot's home, he pulled his penis out of his pants. He then said to Plaintiff, "I want to put it in your pussy." He also said, "You are too hot for me. Each time I look at you I just want to do it." Boot then began walking toward Plaintiff, and Plaintiff told him to stop.

27. After initially retreating, Boot again began moving closer to Plaintiff. Plaintiff told Boot not to come any closer. Yet Boot continued to advance toward Plaintiff while again pulling his penis out of his pants.

28. Terrified and crying, Plaintiff screamed that she was going to call 911 if Boot came any closer.

29. Boot then went into his room, taking with him the telephone that Plaintiff needed to use to clock out. She was forced to wait for him to bring the telephone back to her in order to clock out and leave his house.

30. Upon leaving the house, Plaintiff immediately called Defendant and reported the incident. The employee of Defendant with whom she spoke said that Plaintiff's coordinator (i.e., supervisor) would call her the following morning.

31. On November 17, 2020, Plaintiff did not receive a call from her coordinator or anyone else working for Defendant. Plaintiff called Defendant's office in an effort to speak to her coordinator about being removed from her assignment at Boot's home, but no one answered.

32. On November 18, 2020, Plaintiff was scheduled to return to Boot's home. Because Defendant had not responded to her report of Boot's sexual abuse, Plaintiff was required to return to his home on that day and care for him.

33. It was not until after Plaintiff completed her shift working at Boot's home that she was removed from the assignment to work at his home.

34. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

35. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. Additionally, as a result of Defendant's discriminatory treatment of Plaintiff, she has suffered pecuniary loss, severe emotional distress, and physical ailments.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

38. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendant.

## FIRST CAUSE OF ACTION
*Sex Discrimination in Violation of Title VII*

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.]

5

41. As described above, Defendant discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

42. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

43. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
*Sex Discrimination in Violation of the NYSHRL*

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. Executive Law § 296(1)(a) provides that:

    It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

46. As described above, Defendant discriminated against Plaintiff on the basis of her sex, in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among

6

other things, discrimination based on Plaintiff's sex.

47. As a result of Defendant unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

48. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
*Gender Discrimination in Violation of NYCHRL*

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. The Administrative Code of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

52. As described above, Defendant discriminated against Plaintiff on the basis of her gender in violation of the NYCHRL by, including but not limited to, subjecting her to disparate working conditions, and denying her the opportunity to work in an employment setting free

of unlawful discrimination and harassment. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

53. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

54. Defendant's unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

55. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL and, in that Defendant discriminated against Plaintiff on the basis of her sex and/or gender;

B. Restraining Defendant from any retaliation against Plaintiff for participating in any form in this litigation;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's

   unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E.  Awarding Plaintiff punitive damages;

F.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
   September 13, 2021

                **PHILLIPS & ASSOCIATES,**
                **ATTORNEYS AT LAW, PLLC**

                _____
                Joshua Friedman, Esq.
                *Attorneys for Plaintiff*
                585 Stewart Avenue, Suite 410
                Garden City, New York 11538
                T: (212) 248-7431
                F: (212) 901-2107
                jfriedman@tpglaws.com